IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO ALVA,

    Plaintiff,

vs.                                                      2:16-cv-00008-MCA-LF

DAN STUMP, OTERO COUNTY JAIL,
and VICK JENKINS,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on defendant Otero County Jail's[1] Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 2). Alva filed a response on January 15, 2016 (Doc. 5), and Otero County Detention Center filed a reply on February 1, 2016 (Doc. 6).  The Honorable Chief District Judge M. Christina Armijo referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 4.  Having reviewed the pleadings and the relevant law, I find the motion well-taken and recommend that it be granted.

Alva initially filed his suit in state court—on a pleading form designed for tort suits, but alleging a violation of his Eighth Amendment right to be free of cruel and unusual punishment. Doc. 1-2 at 3.  Because Alva's constitutional claims arise under 42 U.S.C. § 1983, Otero County Detention Center removed the case to this Court.  *See* Doc. 1 at 1.  Otero County Detention Center argues that because it is a subdivision of Otero County, it is not a suable entity under 42 U.S.C.

---

[1] Alva sued the Otero County Jail, a nonexistent entity.  For purposes of its motion to dismiss, defendant assumes Alva intended to sue the only county detention center in Otero County, the Otero County Detention Center.  Doc. 3 at 1 n.1.  The Court will refer to defendant as Otero County Detention Center.

§ 1983 and should, therefore, be dismissed from this lawsuit under FED. R. CIV. P. 12(b)(6).  Doc. 3 at 2.  For the reasons discussed below, I agree.

Municipalities and local governments are "persons" who may be sued under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  However, "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (citing *Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985), which held that the City of Denver Police Department was not a separate suable entity); *see also Foix v. Custer Cty. Sheriff's Office,* No. CIV-13-0340-C, 2013 WL 5901956, at *4 (W.D. Okla. Oct. 31, 2013*)* (observing that judges in the District of Oklahoma have routinely held that Oklahoma's county jails are not legal entities with the capacity to be sued under § 1983).  A detention center is not a suable entity for purposes of 42 U.S.C. § 1983.  *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (upholding dismissal of suit against county jail because there was "no statutory or case authority supporting a direct action against a county's subdivisions, including its jails"); *Aston v. Cunningham*, 216 F.3d 1086 (Table), 2000 WL 796086, *4 n.3 (10th Cir. Jun. 21, 2000) ("Dismissal against this entity [the Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued.").

The law of the state in which the district court sits governs the capacity of a governmental entity to sue or be sued.  *See* FED. R. CIV. P. 17(b).  Under New Mexico law, counties are granted the same powers as municipalities, and therefore may sue and be sued.  *See* NMSA 1978, § 3-18-1; § 4-37-1.  As defendant states, "although Otero County is a municipal entity that is subject to Section 1983 liability, the Otero County Detention Center is merely a subdivision of the County."  Doc. 3 at 6.  A plaintiff may, therefore, sue Otero County for alleged § 1983 violations, but cannot sue the Otero County Detention Center.  Under NMSA 1978 § 4-46-1, suits against a New Mexico

county should be brought against "the board of county commissioners of the county of [the appropriate county]."

Because Alva named a non-suable entity ("Otero County Jail," formally known as the Otero County Detention Center), I recommend that the Court GRANT the Motion to Dismiss (Doc 2) and dismiss Alva's claims against this defendant.

Additionally, I recommend that the Court give Alva 21 days from the date the Court adopts these Proposed Findings and Recommended Disposition to amend his complaint.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge