IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO ALVA,

      Plaintiff,

v.                                                                                                2:16-cv-00008-MCA-LF

DAN STUMP, VICK JENKINS, and
THE BOARD OF COUNTY COMMISSIONERS,
OTERO COUNTY, NEW MEXICO,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant Board of County Commissioners, Otero County, New Mexico's ("Otero County") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9) Pursuant to Rule 12(b)(6).  Doc. 11.  Plaintiff Sergio Alva did not file a response, and Otero County filed a Notice of Completion on August 18, 2016.  Doc. 13.  Chief District Judge M. Christina Armijo referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  Doc. 4.  Having reviewed the pleadings and the relevant law, I find the motion well-taken and recommend that it be granted.

    **I.**      **Plaintiff's Failure to Respond**

This district's local rules require that a response to a written motion must be "served and filed within fourteen (14) calendar days after service of the motion."  D.N.M.LR-Civ. 7.4(a).  Federal Rule of Civil Procedure 6(d) allows an additional three (3) days for mailing.  "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  Although the

Court will liberally construe a pro se plaintiff's filings and hold them to less stringent standards than that of a lawyer, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this district has long insisted that pro se parties follow the same rules of civil procedure as any other litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Otero County filed its motion to dismiss on July 26, 2016. Doc. 11. On August 2, 2016, attorney Grant L. Marek entered an appearance for the formerly pro se plaintiff. Doc. 12. Alva was properly served with a copy of the motion through the United States Postal Service. Doc. 11 at 8. Alva had through August 12, 2016 to file a reply, but failed to do so. It is now several months past the prescribed time for Alva to file a response, and his failure to respond constitutes consent to grant the motion. Nonetheless, the Tenth Circuit has held that a district court cannot grant an unopposed dispositive motion based solely on a party's failure to respond, but rather must consider the merits of the motion. *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

**II.     Standard of Review**

The Court may grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not

suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). In applying this standard, the Court will "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff[]." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

### III.    Background Facts

In his amended complaint, Alva alleges that Otero County violated his Eighth Amendment right to be free of cruel and unusual punishment by "subjecting him to a very severe beating by another New Mexico Department of Corrections inmate." Doc. 9 at 2. He further alleges that Otero County Detention Center violated an unspecified County policy by placing him in a dry cell for six days without a shower or a toothbrush, and by not providing him with his prescribed nasal spray. *Id.* at 2–3. Alva states that he "holds Dan Stump and Captain Vick Jenkins[,] employees of Otero County, and Otero County Commissioners totally responsible" for the violations. Doc. 9 at 3.

### IV.    Discussion

#### A. Alva fails to state a claim for municipal liability against defendant Otero County.

*Respondeat superior* does not apply to local governments, and "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

government as an entity is responsible under § 1983." *Id*.  "[I]n order to hold a municipality[1] liable for an employee's constitutional violations, a plaintiff must show not only that a constitutional violation occurred, but also that some municipal policy or custom was the moving force behind the violation."  *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs,* 151 F.3d 1313, 1320 (10th Cir. 1998) (citing *City of Canton*, 489 U.S. at 385).[2]  To make out a viable § 1983 supervisory liability claim, a plaintiff must "identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation."  *Pahls v. Thomas,* 718 F.3d 1210, 1226 (10th Cir. 2013) (citing *Dodds v. Richardson*, 614 F.3d 1185, 1203–04 (10th Cir. 2010)).  Where plaintiff alleges a claim for failure to train, the plaintiff must demonstrate that a municipality's inaction was the result of "deliberate indifference to the rights of its inhabitants."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

Alva fails to allege that any conduct by the Otero County or its officials which led to the alleged deprivation of his Eighth Amendment Right was based on a County policy or custom.

---

[1] A county is a municipal entity.  *Los Angeles County, Cal. V. Humphries*, 562 U.S. 29, 32 (2010).

[2] The Tenth Circuit has described the type of thing that may constitute a municipal policy or custom or policy:

> A municipal policy or custom may take the form of (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them— of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks, brackets, and citations omitted).

Alva also does not allege that Otero County itself approved or sanctioned any of the alleged violations. Without alleging a policy or custom that was the moving force behind the constitutional violation, Alva may not hold defendant Otero County liable under § 1983.[3]

Alva's amended complaint alleges that "the Otero County Detention Center violated its own policies by placing [him] in a dry cell for 6 days" without a shower or a toothbrush. Doc. 9 at 2–3. However, Alva fails to identify any specific policy or custom that was violated, and he does not allege any failure to train or supervise. Alva offers no particularized facts supporting his claim for municipal liability. Therefore, I recommend that Alva's claims against Otero County be dismissed for failure to state a claim upon which relief can be granted.

### B. Alva fails to state a claim against Stump and Jenkins.

Alva's amended complaint does not list Dan Stump and Vick Jenkins in the case caption. Doc. 9 at 1. However, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing Alva's complaint liberally, he may be trying to raise claims against Stump and Jenkins, albeit unsuccessfully. But even a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.

It is well established that § 1983 does not allow a plaintiff to hold an individual liable under a theory of *respondeat superior*, but rather "individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Dodds*, 614 F.3d at 1195. Nonetheless, "[p]ersonal involvement does not require direct participation" because a plaintiff

---

[3] Defendant points out that Alva alleges that "Otero County Detention Center" violated its own policies, despite the fact that this Court has instructed him that the detention center cannot be sued under § 1983. Doc. 11 at 6 (citing Doc. 8 at 2). Should Alva file an amended complaint, he is reminded that his allegations must be made against suable entities, and against those he names as parties.

may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Dodds*, 614 F.3d at 1199. Furthermore, since "[v]arious officials often have different powers and duties," a plaintiff must "identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

Alva's amended complaint fails to allege that defendants Stump and Jenkins directly participated in the alleged constitutional violations or that they promulgated, created, implemented, or possessed responsibility for a specific policy that caused the alleged constitutional harms. Therefore, I recommend that Alva's claims against defendants Stump and Jenkins be dismissed without prejudice for failure to state a claim on which relief can be granted.

## V.     Recommendation

Alva's amended complaint fails to state any claims upon which relief may be granted. I therefore recommend that Alva's Amended Complaint (Doc. 9) be DISMISSED without prejudice.

I further recommend that Alva be given 21 days after the date the Court adopts these Proposed Findings and Recommended Disposition to amend his complaint.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge